NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0021n.06

No. 24-3578

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jan 12, 2026 |
|  | ) | KELLY L. STEPHENS, Clerk |
| v. | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| ANTONIO MCBRIDE, | ) | THE NORTHERN DISTRICT OF |
|  | ) | OHIO |
| Defendant-Appellant. | ) |  |
|  | ) | OPINION |

Before: SUTTON, Chief Judge; STRANCH and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Antonio McBride pleaded guilty to a drug conspiracy charge. The district court imposed an above-Guidelines sentence, which McBride now challenges. We AFFIRM.

I.

Antonio McBride was involved in a drug conspiracy in Akron, Ohio, which included trafficking of fentanyl. That led to his indictment by a federal grand jury in 2023 for conspiracy to distribute and possess with intent to distribute controlled substances, and use of a communications facility to facilitate a felony drug offense. McBride pleaded guilty to the conspiracy count pursuant to a plea agreement. The plea agreement and the presentence investigation report (PSR) calculated the Guidelines range at 46 to 57 months. Prior to sentencing, the court notified the parties that it was considering an upward departure based on the Guidelines or an upward variance based on the sentencing factors in 18 U.S.C. § 3553(a).

At sentencing, the district court calculated the Guidelines range at 46 to 57 months, which corresponded with the PSR and the parties' calculation in the plea agreement. The court, however, varied upward and sentenced McBride to 87 months' imprisonment, followed by a 10-year term of supervised release. McBride now appeals, challenging the procedural and substantive reasonableness of his sentence.

## II.

*Procedural Reasonableness.* To craft a procedurally reasonable sentence, "[t]he court must properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Because McBride didn't raise his procedural reasonableness challenge before the district court, we review for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). That standard requires McBride "to show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (citation modified).

McBride raises one narrow procedural challenge—that the district court improperly relied on information related to the effect of fentanyl on the community when crafting the sentence. At sentencing, the district court stated:

> [D]istribution of fentanyl is deadly. It is deadly to the community. It can be as deadly as a gun. According to statistics set forth in a very thorough report by the Washington Post, 107,622 people died of drug overdoses in 2021. Fentanyl was responsible for two-thirds of those deaths.

> The number of Americans killed by that drug, fentanyl, has jumped 94 percent since 2019. On average, one person dies of fentanyl overdose in the United States every seven minutes.
>
> Fentanyl kills more people than automobile accidents. It kills more people than gunshots. It kills more people than suicides.

R. 428, Sent'g Tr., PageID 3548. McBride says that because he had no advance notice that the court would rely on this information, he had no opportunity to counter it.

McBride has not shown error, much less a plain one. Nor has he shown an effect on his substantial rights. *See Vonner*, 516 F.3d at 386. As a general matter, the district court was free to consider the effect of McBride's crime on the community. *See United States v. Robinson*, 892 F.3d 209, 215 (6th Cir. 2018) ("The district court did not abuse its discretion in considering the effect of the opioid epidemic in Ohio, or the seriousness of Robinson's specific offense conduct . . . ."). And more specifically, McBride hasn't shown that the district court's statistics were inaccurate, or how he would have challenged them if the district court had provided notice. All McBride says is that "the Centers for Disease Control . . . has issued a press release noting that United States overdose deaths decreased almost 27% in 2024, compared to 2023." Appellant Br. at 10. But that doesn't mean that fentanyl has ceased to be a leading contributor to deaths in the United States. Nor is this statistic pertinent to the sentencing here. McBride was indicted in 2023. The conspiracy was based on the drug ring operations from March 2022 to August 2023. A decrease in fentanyl deaths in 2024 compared to 2023 is irrelevant for the purposes of McBride's sentencing. As a result, McBride hasn't shown that any purported lack of notice regarding the district court's reliance on the information harmed him or that his sentence was procedurally unreasonable.

*Substantive Reasonableness.* A substantive reasonableness claim by a defendant-appellant "is a claim that a sentence is too long." *Rayyan*, 885 F.3d at 442. "It's a complaint that the court

placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* We review for an abuse of discretion. *United States v. Trevino*, 7 F.4th 414, 433 (6th Cir. 2021).

McBride has not shown an abuse of discretion here. The district court considered the factors in favor of varying upward. The court pointed to McBride's violent criminal past, including two convictions of involuntary manslaughter, his discipline problems while in custody, and how quickly McBride had returned to crime after being released from prison. But the court also considered the mitigating evidence in McBride's favor, including his history of employment, his abuse as a child, and his tough upbringing that required him to care for his siblings at a young age. In the end, the court determined that the factors supporting an upward variance outweighed any mitigating evidence. It is not our place to "second guess[] that judgment." *Rayyan*, 885 F.3d at 443.

McBride argues that his sentence was substantively unreasonable because it was significantly higher than the sentences given to his codefendants. *See* 18 U.S.C. § 3553(a)(6) (stating that the court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). The focus of § 3553(a)(6), however, is on "national disparities, not specific individual cases." *United States v. Gamble*, 709 F.3d 541, 555 (6th Cir. 2013). And in any event, the district court reasonably weighed the factors and concluded that McBride's case was extraordinary. As the court explained, "[r]arely do we see a defendant who has been involved in taking someone's life on two separate occasions, and then is released on post release control and in a matter of a few months decides 'I'm going to get involved once again with criminal activity,' a large-scale drug ring here in this

area." R. 428, Sent'g Tr., PageID 3529. The district court did not abuse its discretion, so McBride's sentence was substantively reasonable.

* * *

We AFFIRM.